William Rigler, J.
On August 29, 1974, Juan A, the father of the above-mentioned children, filed a petition to terminate their placement with iMonica E*, the maternal grandmother.
On January 9, 1974, the children were found upon admission to be neglected in that the father had not provided adequate shelter. By order of Judge Golar, on March 27, 1974, Sharon and Michelle were placed for a period of 18 months with Mrs. E.
The petition to terminate placement states that the f ather (the mother being deceased) now has adequate and stable facilities for the care of the children and that it would be in their best interests to have them returned to the father’s custody. At this time, the court must respectfully disagree.
Basically, the adequacy of Mr. A’s home has not changed in the short time that the children have resided with the grandmother, although he should be commended for efforts which he initiated to improve the situation. Therefore, the court denies the petition to terminate placement at this time.
The court wishes to comment further on what appears to it to be a serious gap in the law. Nowhere is it provided that upon a private placement, such as the one here, the Department of Social Services involve itself in planning with the parent for the eventual return of the children, in addition to its supervision of the temporary custodian. In fact, it appears that even in the case of placements with an agency, follow-up with the parents and reports thereon to the Bureau of Child Welfare are not governed by statute but merely by contract between the city and the agencies involved. Particularly as regards private placements, this lack of a mandate may tend to create a stagnant situation where the child cannot be returned to the parent for lack of a change in the status quo yet also cannot be freed for adoption because the Department of Social Services has failed to attempt to strengthen the parental relationship (see, e.g., Family Ct. Act, § 611). Therefore, it is respectfully suggested that legislation be enacted which would require involvement of the Department of Social Services with the parents of children who are removed from their homes. In the meantime, pursuant to section 255 of the Family Court Act, the court orders the Department of Social Services to co-operate with the petition *216 ing father herein in preparing for the eventual return of the children, Sharon and Michelle. This proceeding is adjourned to January 6,1975, for a report by the Department of Social Services on what steps are being taken to plan with the father for the return of his children.